IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD D. GILSTRAP**, an individual, | Case No. 3:20-cv-2285-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **FOUR HANDY LIMITED**, a foreign corporation, **V-SHIPS LTD**, a foreign corporation, and **PREMUDA S.p.A.**, a foreign cooperation, | |
| Defendants. | |

Charles Robinowitz, LAW OFFICE OF CHARLES ROBINOWITZ, 1211 SW Fifth Avenue, Suite 2323, Portland, OR 97204. Of Attorneys for Plaintiff.

James McCurdy and James Molyneux-Elliot, LINDSAY HART, LLP, 1300 SW Fifth Avenue, Suite 3400, Portland, OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Richard Gilstrap brings this lawsuit against Four Handy Limited (Four Handy), V-Ships Ltd. (V-Ships), and Premuda S.p.A. (Premuda) (collectively, Defendants). Plaintiff requests damages for negligence arising from the injuries he sustained aboard the M/V FOUR EMERALD (the Vessel) on January 27, 2018. Defendant Premuda moves to dismiss under

PAGE 1 – OPINION AND ORDER

Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claim is untimely.[1] Plaintiff responds that his Amended Complaint (filed March 5, 2021) relates back to his original Complaint (timely filed on January 4, 2021), and therefore is timely. Plaintiff also argues that the discovery rule serves to extend the statute of limitations applying to his Amended Complaint. Plaintiff further contends that the Court should consider Rule 11 sanctions against Premuda for bringing the pending motion. Both parties reference materials outside the Amended Complaint that are not appropriate for consideration in a motion under Rule 12(b)(6). Thus, the Court converts the pending motion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d); *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982). For the reasons stated below, the Court DENIES Premuda's motion and declines to award sanctions to Plaintiff.

## STANDARDS

**A. Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

---

[1] Premuda originally also moved to dismiss on the grounds of insufficient service of process and that the Court lacks personal jurisdiction because of the purported insufficient service of process. In Premuda's reply, it conceded that the insufficient service of process assertion became moot when Plaintiff properly served Defendants on June 29, 2021, and that the only remaining issue was its motion for failure to state a claim. ECF 24, at 1.

F.3d 992, 998 (9th Cir. 2010). Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

**B.  Motion for Summary Judgment**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

On January 27, 2018, Plaintiff injured himself while working as a longshoreman aboard the Vessel at the Port of Portland. Am. Compl. (ECF 4), at ¶ 3, That day, the crew of the Vessel provided Plaintiff with a wooden step stool to give him a better view into the hold of the ship as

PAGE 3 – OPINION AND ORDER

he loaded cargo. *Id.* When Plaintiff stepped down from the stool, it broke, and Plaintiff fell and injured his back and left knee. *Id.* Plaintiff sues the Vessel owners for negligence. *Id.* at ¶¶ 4-7.

Plaintiff filed his original Complaint on January 4, 2021, shortly before the three-year statute of limitations for maritime torts expired on January 27, 2021. ECF 1 (Complaint); 46 U.S.C. § 30106 (establishing three-year limitations period). The Complaint named Four Handy Limited and V-Ships as defendants but did not name Premuda. ECF 1, at 1. On January 8, 2021, Plaintiff's counsel, Charles Robinowitz, emailed Premuda's counsel, James McCurdy, informing Mr. McCurdy of the pending action and asking for confirmation that Mr. McCurdy would defend the Vessel.[2] Decl. of Charles Robinowitz (ECF 23-1), at 2, 5. Mr. Robinowitz waited ten days for a response but heard nothing, so he arranged to serve Four Handy and V-Ships. *Id.* at 2-3. Plaintiff served them through the Vessel's local agent, Transversal Shipping Company, on January 25, 2021. *Id.* On February 11, 2021, after the limitations period had run, Mr. McCurdy responded to Mr. Robinowitz's email. *Id.* at 3, 6. He wrote that Plaintiff had named the wrong defendants and that Premuda, not Four Handy or V-Ships, was the owner and operator of the Vessel on the date of the injury. *Id.* Plaintiff filed the Amended Complaint on March 5, 2021, which added Premuda as a defendant. ECF 4. Three days later, Plaintiff served a summons and Amended Complaint on all three Defendants by serving Transversal Shipping Company. Robinowitz Decl., at 3. After Premuda filed the pending motion, in part challenging service of process and the validity of the underlying summonses, Plaintiff obtained new summonses and re-served Defendants. ECF 19, 20, 21, 22.

---

[2] The Court may look to Plaintiff's post-filing conduct to the extent that it "informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity." *Krupski*, 560 U.S. at 554 (quotation marks omitted).

PAGE 4 – OPINION AND ORDER

**DISCUSSION**

Premuda contends that on the face of the Amended Complaint, the three-year statute of limitations applies. Plaintiff responds that under the relation-back doctrine, the Amended Complaint receives the benefit of the filing date of the original Complaint and is therefore timely. Plaintiff also argues that the discovery rule extends the statute of limitations to when Plaintiff identified who caused his injury.[3] Finally, Plaintiff urges the Court to order Premuda to show cause why the Court should not impose sanctions under Rule 11, arguing that Premuda had no basis for bringing the pending motion other than harassment and delay.

---

[3] Plaintiff argues that Oregon's discovery rule may apply to extend the statute of limitations when a plaintiff mistakes the identity of a defendant. Federal maritime law, however, applies to maritime tort claims brought under diversity jurisdiction in federal court. *Mendez v. Ishikawajima-Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir. 1995) (explaining that the plaintiffs may bring lawsuits for maritime courts in state or federal court and that "[r]egardless of the chosen forum, the applicable substantive law will be federal maritime law"); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 366 n.1 (9th Cir. 1992) ("Substantive maritime law controls tort claims arising on navigable waterways of the United States with a sufficient nexus to traditional maritime activity, whatever the forum or asserted basis of jurisdiction."). Because Plaintiff sues for negligence arising from injuries he incurred while working as a longshoreman on a vessel, federal maritime law applies.

Federal maritime law includes the general federal discovery rule, which is similar to Oregon's discovery rule. *See Pretus v. Diamond Offshore Drilling, Inc.*, 571 F.3d 478, 481 (5th Cir. 2009) ("A cause of action under . . . general maritime law accrues when a plaintiff has had a reasonable opportunity to discover the injury, its cause, and the link between the two." (quoting *Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991))). "Under this rule, the statute only begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999), *opinion footnote amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). "The plaintiff must be diligent in discovering the critical facts. . . . But what a plaintiff knew and when he knew it are questions of fact." *Id.* (simplified). Because the Court finds that the relation-back doctrine applies, however, the Court declines to address Plaintiff's argument about the application of the discovery rule in this context.

PAGE 5 – OPINION AND ORDER

**A. Relation-Back Doctrine**

Plaintiff argues that under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, the date of the Amended Complaint adding Premuda as a defendant relates back to the date of his original pleading, thus rendering his claim against Premuda timely. Under Rule 15(c)(1)(C), the date of an amended complaint that "changes the party or the naming of the party against whom the claim is asserted" relates back if three conditions are satisfied. First, the amended complaint must assert claims that arise out of the "same conduct, transaction, or occurrence" set out in the original pleading. Fed. R. Civ. 15(c)(1)(C) (incorporating Fed. R. Civ. P. 15(c)(1)(B)). Second, the party named in the amended complaint must have "received notice of the action" within the Rule 4(m) service period such that it would "not be prejudiced in defending on the merits." Third, the party either "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Supreme Court clarified in *Krupski v. Costa Crociere S.p.A.* that the third requirement looks to whether the *defendant* knew or should have known the action would have been brought against it but for a mistake, not what the *plaintiff* knew or should have known before filing the original pleading. 560 U.S. 538, 548 (2010) (emphasis in original).

Premuda expressly concedes the first element and does not specifically dispute the second element. Premuda disputes only the third element, whether Premuda knew or should have known that the action would have been brought against it but for a mistake concerning Premuda's identity. In *Krupski*, the Supreme Court stated that a plaintiff who makes "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Id.* at 549. The Supreme Court explained, however, that when a plaintiff knows of the existence of more than one defendant and sues the incorrect defendant, that mistake does

PAGE 6 – OPINION AND ORDER

not preclude relation-back, because it might be based on a misunderstanding about one party's role or status. *Id.* "That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.* The Supreme Court also explained that in analyzing the defendant's knowledge of the plaintiff's mistake in identity under Rule 15(c)(1)(C), "[t]he reasonableness of the mistake is not itself at issue." *Id.* "The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Id.* The Supreme Court also emphasized the mandatory nature of relation-back under Rule 15(c)(1)(C). *Id.* at 553.

The letter Premuda sent to Plaintiff on February 11, 2021, shows that Premuda had actual knowledge that Plaintiff named the wrong defendant within the Rule 4(m) 90-day service window. *See Kuria v. Palisades Acq. XVI, LLC*, 752 F. Supp. 2d 1293, 1305 (N.D. Ga. 2010) (stating that the proper defendant had immediate actual notice of the plaintiff's mistake when counsel for defendant informed plaintiff's counsel of plaintiff's mistake). That letter acknowledges receipt of a copy of the original Complaint and informs Plaintiff that he had sued the wrong party and should have sued Premuda instead. Robinowitz Decl., at 6. Further, Plaintiff's original Complaint alleges that the two named defendants "owned, operated, managed and controlled the M/V FOUR EMERALD," indicating on the face of the Complaint that Plaintiff intended to sue the entity with ultimate control over the Vessel. Compl. ¶ 1; *see Krupski*, 560 U.S. at 554-55 (stating that the prospective defendant's knowledge that the original complaint made clear the plaintiff intended to sue the company that "owned, operated, managed, supervised and controlled" the ship satisfied Rule 15(c)(1)(C)(ii)). Premuda thus knew that Plaintiff had mistakenly omitted Premuda as a defendant. Premuda knew this information by February 11, 2021 at the latest, well within the 90-day service window under Rule 4(m).

PAGE 7 – OPINION AND ORDER

Premuda, however, argues that the Court should infer that Plaintiff did not make a mistake and instead deliberately chose to name the incorrect parties in the original Complaint. Premuda asserts that such an inference is appropriate "because Plaintiff waited until three years after the incident to try and elucidate who he needed to sue." ECF 24 at 3. Premuda contends that although Plaintiff eventually engaged in research, it was insufficient because "it did not occur to Plaintiff to begin the process with sufficient time before the running of the statute of limitations to bring the appropriate party into the case." *Id.* at 4.

Premuda cites *Heglund v. City of Grand Rapids*, 871 F.3d 572, 578-81 (8th Cir. 2017). In *Heglund*, however, the court found that a plaintiff's deliberate decision to name "John Doe" as a defendant was not a mistake under Rule 15(c)(1)(C) because it was not "the result of a misunderstanding or misconception; it was an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake.'" *Id.* at 580; *see also id.* at 579 (describing "a sincere but wrong belief," "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention," "a state of mind not in accordance with the facts," or "a misunderstanding about [a] party's status or role" as conduct that could be considered a mistake (quoting *Krupski*, 560 U.S. at 548-49)). *Heglund* is not applicable to the circumstances of the case at bar.

Premuda essentially argues that Plaintiff was negligent in not looking earlier for the Vessel's owner or in failing to look harder. This, however, is not the test under Rule 15(c)(1)(C) for relation-back. As explained by the First Circuit,

> Virtually by definition, every mistake involves an element of negligence, carelessness, or fault—and the language of Rule 15(c)[(1)(C)] does not distinguish among types of mistakes concerning identity. Properly construed, the rule encompasses both mistakes that were easily avoidable and those that were serendipitous. The examples assembled by the advisory

PAGE 8 – OPINION AND ORDER

>committee—e.g., the naming of a nonexistent federal agency or a retired officer, *see* Fed. R. Civ. P. 15 advisory committee's note (1966 Amendment)—confirm this construction. The drafters believed that such errors would trigger Rule 15(c)[(1)(C)] notwithstanding that reasonable diligence almost always would prevent them from occurring.

*Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000).

Additionally, the Supreme Court, in the context of discussing dilatory conduct in filing an amended complaint, has foreclosed consideration of that type of conduct.

>The Court of Appeals offered no support for its view that a plaintiff's dilatory conduct can justify the denial of relation back under Rule 15(c)(1)(C), and we find none. The Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them. Moreover, the Rule mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion.

*Krupski*, 560 U.S. at 552-53. The Supreme Court also explained in *Krupski* that "[t]he reasonableness of the mistake is not at issue." *Id.* at 449. Premuda's argument that a plaintiff's lack of diligence in discovering and naming an *unknown* defendant forecloses relation-back also lacks persuasiveness when considered against the Supreme Court's rejection in *Krupski* of the argument that a plaintiff's failure properly to name a *known* defendant did not preclude relation back.

Further, Premuda does not adequately explain how Plaintiff's research methods were insufficient in the first place, let alone so egregious that the Court should equate it to a deliberate choice to name the wrong person. Additionally, because Rule 15(c) looks to "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant," *id.* at 554, in merely questioning the timing and adequacy of Plaintiff's pre-filing research, Premuda has "articulated no strategy that it could

PAGE 9 – OPINION AND ORDER

reasonably have thought [Plaintiff] was pursuing in suing a defendant that was legally unable to provide relief." *Id.* at 555.

Premuda's letter dated February 11, 2021, indicates that it had actual knowledge that Plaintiff named the incorrect defendants in its original Complaint and that but for his mistake, Plaintiff would have named Premuda. The date of Plaintiff's Amended Complaint therefore relates back to the date of his original filing on January 4, 2021. Because January 4, 2021 is within the three-year statute of limitations period under 46 U.S.C. § 30106, Plaintiff's claim against Premuda is timely.

**B. Sanctions**

The Ninth Circuit has stated that sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Further, such sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id*. at 1344. Although the Court denies Premuda's motion, its argument that Plaintiff's failure to correctly identify the Vessel's owner equated to intentionally naming the incorrect party, while rejected by the Court, was not so clearly frivolous as to warrant Rule 11 sanctions.

## CONCLUSION

The Court DENIES Premuda's Motion to Dismiss (ECF 10), which the Court construes as a Motion for Summary Judgment.

**IT IS SO ORDERED**.

DATED this 29th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge